# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | : | CHAPTER | 11 |
| | : | | |
| **BARBARA A. LINDEN**, | : | Case No. | 19-20672 (JJT) |
| | : | | |
| DEBTOR. | : | RE: ECF No. | 5 |

## BENCH DECISION ON UNITED STATES TRUSTEE'S MOTION TO DISMISS

Before this Court is the United States Trustee's motion ("Motion," ECF No. 5) to dismiss this bankruptcy case for failure to provide proof of insurance coverages, filing serial bankruptcy cases, and failure to file required bankruptcy documents,[1] or, alternatively, to convert the case from Chapter 11 to Chapter 7. The Debtor filed two objections ("Objections," ECF Nos. 19 and 22),[2] in which she accuses the United States Trustee of making baseless accusations, citing to documents from one of her prior Chapter 13 cases, Docket No. 13-21462.[3]

First, the Debtor cites to an attached insurance renewal form as proof of the United States Trustee's error. Although providing some evidence of insurance, such is not the proof required by the United States Trustee nor is it satisfactory to this Court.

Second, the Debtor raises an argument that there were violations of the automatic stay during her first bankruptcy case. This argument is not properly before this Court, as it pertains to a separate bankruptcy case, nor is it germane to the Motion.

---

[1] As for the unfiled required documents, the Debtor filed a motion for extension of time to file those documents (ECF No. 23) after she completes Rule 2004 Examinations of a host of individuals directly or tangentially related to her cases, which she also requested (ECF No. 20). The Court denied both motions (ECF Nos. 29 and 30).

[2] The Objections are identical except that the earlier objection has exhibits attached.

[3] In this respect, the Debtor confuses the United States Trustee with the separate Chapter 13 Standing Trustee.

Third, the Debtor argues that the United States Trustee's claim that she is serial bankruptcy filer is explained by the advice she followed from multiple attorneys, who advised her to file for bankruptcy. Although she appears to have been following some counsel's advice, such does not explain away the facts that: (1) the Debtor has filed for bankruptcy on four occasions, all either on or just prior to the law day in a related foreclosure case in the Superior Court;[4] (2) she has no conception of the rigors of the Chapter 11 process; and (3) she has no feasible, credible, or supportable financial path to reorganization.

The Debtor's ostensible objective is delay and the frustration of a foreclosure commenced in 2011. In essence, the Debtor wants to use this Court to ferret out the truth behind her foreclosure case and to have this Court vacate the judgment of strict foreclosure in the Superior Court. This Court is without power to undo the Superior Court's judgment under principles of res judicata and the *Rooker–Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *Mazziotti v. Allstate Ins. Co.*, 240 Conn. 799, 812–13, 695 A.2d 1010 (1997); *see also Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984). Because the Court cannot undo the foreclosure, the Debtor's purpose behind her current bankruptcy case is patently improper.[5] This is now the fourth bankruptcy case the Debtor has filed. The previous three ended in dismissals for failures to make plan payments or provide information. On account of the Debtor's serial filings and pattern of delay, frustration, and abuse of the bankruptcy system, this case must, for cause, be dismissed, as well.

---

[4] *Household Realty Corp. v. Linden*, Superior Court, Judicial District of Hartford, Docket No. CV-11-6017603-S. The Court took judicial notice of the dockets of this case and the Debtor's four bankruptcy cases (Docket Nos. 13-21462, 17-21845, 18-21718, and 19-20672).

[5] To the extent the Debtor seeks to reinstate and cure her mortgage through a Chapter 11 plan, the Court finds such to be impracticable and infeasible under 11 U.S.C. § 1129 with the Debtor's purported salary, lack of legal counsel, and inability to abide by the rules of this Court in even filing the requisite schedules, list of creditors, and other documents requested by the United States Trustee.

3

The Debtor's Objections are OVERRULED. The United States Trustee's Motion, insofar as it seeks dismissal, is GRANTED, for cause shown, and the Debtor is barred from filing for bankruptcy relief for two (2) years from the date of this decision.

IT IS SO ORDERED at Hartford, Connecticut this 10th day of May 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut